RECEIVED
OFFICE OF THE CLERK
U.S. COURT OF APPEALS
PUBLIC INFORMATION UNIT

2013 AUG -6 AM 11:00

FILED
DOCKETED
DATE    INITIAL

**No. 13-15475**

*In the*

# United States Court Of Appeals

*For the*

# Ninth Circuit

---

STANISLAUS FOOD PRODUCTS COMPANY, a California corporation,

*Plaintiff-Appellant,*

v.

USS-POSCO INDUSTRIES, a California partnership; PITCAL, INC., a Delaware corporation; POSCO-CALIFORNIA CORPORATION, a Delaware corporation; UNITED STATES STEEL CORPORATION, a Delaware corporation; POSCO AMERICA STEEL CORPORATION, a Delaware corporation,

*Defendants-Appellees.*

---

Appeal from Final Judgment and Orders of the
United States District Court
for the Eastern District of California (Fresno)
Case No. 1:09-CV-00560-LJO-BAM

---

## PLAINTIFF-APPELLANT'S NOTIFICATION OF FILING UNDER SEAL NOTICE OF ERRATA AND CORRECTED OPENING BRIEF

---

William Bernstein (State Bar No. 65200)
Eric B. Fastiff (State Bar No. 182260)
Dean M. Harvey (State Bar No. 250298)
Marc A. Pilotin (State Bar No. 266369)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008

*Counsel for Plaintiff-Appellant*
Stanislaus Food Products Company

Pursuant to Ninth Circuit Rule 27-13(b), Plaintiff-Appellant Stanislaus Food Products Company respectfully notifies the Court that it is filing under seal its Notice of Errata regarding its Opening Brief and its Corrected Opening Brief. The Notice of Errata and Corrected Opening Brief filed herewith contain material that Defendants-Appellees designated "Confidential" or "Highly Confidential" ("Protected Material") under the District Court's December 13, 2011 Stipulated Protective Order, as amended on August 31, 2012 (attached as Ex. A) ("Protective Order"). Stanislaus is required to file under seal the Protected Material because, under the Protective Order, Stanislaus is restricted from filing the material in the public record. *See* Ex. A at 17 (directing compliance with E.D. Cal. L.R. 141, governing filings under seal).

The Protected Material contained in Stanislaus's Notice of Errata and Corrected Opening Brief are currently filed under seal with the District Court. *See* Ex. B (Order Granting Request to Seal Stanislaus's Opposition to Defendants' Joint Motion for Summary Judgment). On July 24, 2013, Stanislaus's Opening Brief was filed under seal with this Court. (Dkt. No. 13.)

This Notification is filed simultaneously with the relevant documents, which have "under seal" prominently indicated on the cover and first page. *See* 9th Cir. R. 27-13(b). Stanislaus does not request that this Notification be filed under seal. *See* 9th Cir. R. 27-13(a) (stating that notifications "must be filed in paper format").

1124831.1

## <u>PROOF OF SERVICE</u>

I hereby certify that on August 6, 2013, I caused the foregoing to be filed by hand delivery with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by U.S. Mail. Concurrently, I caused the foregoing to be served by U.S. Mail on the parties below, through their counsel.

P. Gavin Eastgate
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3131

Attorney for Defendants
UNITED STATES STEEL
CORPORATION and PITCAL, INC.

Reginald D. Steer
AKIN GUMP STRAUSS HAUER
& FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94104-1036
Telephone: (415) 765-9520

Attorneys for Defendants POSCO
AMERICA STEEL CORPORATION and
POSCO-CALIFORNIA CORPORATION

Allan Steyer
Gabe Zeldin
Steyer Lowenthal Boodrookas
    Alvarez & Smith
One California St., Third Floor
San Francisco, CA 94111
Telephone: (415) 412-3100

Attorney for Defendant USS-POSCO
INDUSTRIES

Dated: August 6, 2013

LIEFF CABRASER HEIMANN &
    BERNSTEIN, LLP

By: _____
            Brian Troxel

1124831.1

1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11  STANISLAUS FOOD PRODUCTS
    COMPANY, a California corporation,

12                          Plaintiff,

13      v.

14  USS-POSCO INDUSTRIES, a California
15  partnership; PITCAL, INC., a Delaware
    corporation; POSCO-CALIFORNIA
16  CORPORATION, a Delaware corporation;
    UNITED STATES STEEL
17  CORPORATION, a Delaware corporation;
    POSCO AMERICA STEEL
18  CORPORATION, a Delaware corporation,

19                          Defendants.

Case No.  1:09-CV-00560-LJO-BAM

**STIPULATED PROTECTIVE ORDER
GOVERNING DISCOVERY**

20
21
22
23
24
25
26
27
28

948185.2

1.   **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; the civil local rules set forth the applicable procedures.

2.   **DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.4    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a

- 1 -

948185.2

Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.6     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  highly sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party could create a substantial risk of serious harm that could not be avoided by less restrictive means, and that qualify under the standards set forth in section 5, below.

2.7     Lead Counsel of Record:  Lieff, Cabraser, Heimann & Bernstein, LLP and G. Kip Edwards (as well as their support staff) as lead counsel for Plaintiff Stanislaus Food Products Company; Akin Gump Strauss Hauer & Feld LLP (as well as its support staff) as lead counsel for Defendants POSCO America Steel Corporation and POSCO-California Corporation; Steyer Lowenthal Boodrookas Alvarez & Smith as lead counsel for Defendant USS-POSCO Industries (as well as its support staff); Reed Smith LLP, McCormick, Barstow, Sheppard, Wayte & Carruth LLP and J. Michael Jarboe of The Law Department of United States Steel Corporation (as well as their support staff) as lead counsel for Defendants U.S. Steel Corporation and Pitcal, Inc.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Lead Counsel of Record (and their support staffs).

2.10    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

948185.2

STIPULATED [PROPOSED] PROTECTIVE ORDER
GOVERNING DISCOVERY
CASE NO. 1:09-CV-00560-LJO-BAM

2.12   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.13   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party or another source.

## 3.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

Only attorneys of record in this action may affix a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, and must do so on a document-by-document basis.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.

When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions

of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

      5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

      6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first

or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall contact the chambers of the relevant magistrate judge to schedule a hearing within 21 days of the initial notice of challenge or within 7 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  If the Designating Party does not request such a hearing within 21 days (or 7 days, if applicable), the Challenging Party shall provide notice to the Designating Party.  If the Designating Party does not request such a hearing within 4 business days of the notice, the Designating Party shall waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may challenge a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the designating party has waived the confidentiality designation by failing to request a hearing as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.**      <u>**ACCESS TO AND USE OF PROTECTED MATERIAL**</u>

      7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

       7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

       (a)     the Receiving Party's Lead Counsel of Record in this action, as well as employees of said Lead Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

       (b)     the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       (c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       (d)     the court and its personnel;

       (e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       (f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Lead Counsel of Record in this action, as well as employees of said Lead Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      the court and its personnel;

(d)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-

Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rules of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future. The parties to this Action reserve all rights to apply to the Court for any order modifying this Order, seeking greater access to Protected Material than those provided above, or seeking further protection against discovery or other use of Protected Material.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Evidence. Nothing contained in this Order shall be construed as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in this case or in any other proceeding.

12.4   Agreement. Nothing contained in this Order shall affect the ability of the parties to alter the time periods set forth in this Order by agreement.

12.5   Jurisdiction. Nothing herein shall be construed as a determination by the Court, or as a consent or waiver by any foreign parent or affiliate of any Party, that such foreign parent or affiliate of any Party is subject to personal jurisdiction in this Court or that discovery as to such foreign parent or affiliate of any Party shall proceed pursuant to the Federal Rules of Civil Procedure.

12.6   <u>Subpoenas</u>.  When serving subpoenas on third parties, a copy of this Order (including Exhibit A) shall be included with the subpoena, and the subpoena shall expressly incorporate by reference the terms of this Order.

**13.   FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Lead Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**SO STIPULATED.**

Dated:  December 1, 2011          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP


By: _____ /s/ *Dean M. Harvey* _____

Dean M. Harvey
William Bernstein
Joseph R. Saveri
Eric B. Fastiff
Dean M. Harvey
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

G. Kip Edwards
P.O. Box 1979
Kings Beach, CA  96143-1979
Telephone: (530) 546-5892

James B. Brown
11292 N. Alpine Road
Stockton, CA  95212
Telephone: (209) 948-0200
Facsimile:  (209) 548-3421

*Counsel for Plaintiff Stanislaus Food Products Company*

Dated:  December 1, 2011

McCORMICK, BARSTOW, SHEPPARD,
   WAYTE & CARRUTH LLP

By:  _____ /s/ *P. Gavin Eastgate* _____

Marshall C. Whitney (State Bar No. 082952)
Mandy L. Jeffcoach (State Bar No. 232313)
P.O. Box 28912
5 River Park Place East
Fresno, CA  93720-1501
Telephone:  (559) 433-1300

REED SMITH LLP
Daniel I. Booker (admitted *pro hac vice*)
Alexander Y. Thomas (admitted *pro hac vice*)
1301 K St., NW
Suite 1100, East Tower
Washington, D.C. 20005
Telephone:  (202) 414-9200

REED SMITH LLP
P. Gavin Eastgate (admitted *pro hac vice*)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-5710
Facsimile: (412) 288-3063

THE LAW DEPARTMENT OF UNITED STATES
STEEL CORPORATION
J. Michael Jarboe (admitted *pro hac vice*)
600 Grant Street, Suite 1501
Pittsburgh, PA 15219
Telephone: (412) 433-2880
Facsimile: (412) 433-2811

*Counsel for Defendants U.S. Steel Corporation and
Pitcal, Inc.*

948185.2

- 15 -

STIPULATED [PROPOSED] PROTECTIVE ORDER
GOVERNING DISCOVERY
CASE NO. 1:09-CV-00560-LJO-BAM

| | | |
|---|---|---|
| 1 | Dated: December 1, 2011 | AKIN GUMP STRAUSS HAUER & FELD LLP |

2

By: _____ /s/ Reginald D. Steer _____

3   Reginald D. Steer (State Bar No. 56324)
    580 California Street, Suite 1500
4   San Francisco, CA  94104-1036
    Telephone:  (415) 765-9520

5

6   Steven M. Pesner (admitted *pro hac vice*)
    Nicholas C. Adams (admitted *pro hac vice*)
    One Bryant Park
7   New York, NY  10036
    Telephone:  (212) 872-8075

8

9   *Counsel for Defendants POSCO America Steel*
    *Corporation and POSCO-California Corporation*

10

11  Dated: December 1, 2011   STEYER, LOWENTHAL BOODROOKAS, ALVAREZ
    & SMITH LLP

12  By: _____ /s/ Lucas E. Gilmore _____

13  Allan Steyer (State Bar No. 100318)
    D. Scott Macrae (State Bar No. 104663)
14  Lucas E. Gilmore (State Bar No. 250893)
    One California St., Third Floor
15  San Francisco, CA 94111
    Telephone:  (415) 421-3400

16

17  *Counsel for Defendant USS-POSCO Industries*

18

19

20

21

22

23

24

25

26

27  /./.
    /./.

28

948185.2

- 16 -

# ORDER

In addition to the above Stipulation between the parties – which the Court adopts in its entirety – the Court further ORDERS parties seeking to file a document falling within this Protective Order to comply with Local Rule 141. Within five (5) days of filing of any confidential document under seal, the party shall file a redacted copy of the document so filed. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

IT IS SO ORDERED.

Dated:   __December 12, 2011__          /s/ _Barbara A. McAuliffe_
                                        UNITED STATES MAGISTRATE JUDGE

1   William Bernstein (State Bar No. 065200)
    Eric B. Fastiff (State Bar No. 182260)
2   Dean M. Harvey (State Bar No. 250298)
    Marc A. Pilotin (State Bar No. 266369)
3   Joseph P. Forderer (State Bar No. 278774)
    LIEFF, CABRASER, HEIMANN & BERNSTEIN LLP
4   275 Battery Street, 29th Floor
    San Francisco, CA  94111-3339
5   Telephone:  (415) 956-1000
    Facsimile:  (415) 956-1008
6
    [Additional Counsel Listed On Signature Page]
7
    *Attorneys for Plaintiff Stanislaus Food Products Co.*
8

9                    UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11                            (FRESNO)

12

13   STANISLAUS FOOD PRODUCTS            Case No.  1:09-CV-00560-LJO-BAM
     COMPANY, a California corporation,
14                                       **STIPULATION AND ORDER**
                    Plaintiff,           **MODIFYING STIPULATED**
15                                       **PROTECTIVE ORDER**

16        v.                             Judge:        Hon. Barbara A. McAuliffe

17   USS-POSCO INDUSTRIES, a California
     partnership; PITCAL, INC., a Delaware
18   corporation; POSCO-CALIFORNIA
     CORPORATION, a Delaware corporation;
19   UNITED STATES STEEL
     CORPORATION, a Delaware corporation;
20   POSCO AMERICA STEEL
     CORPORATION, a Delaware corporation,
21
                    Defendants.
22

23        WHEREAS, during the August 3, 2012 informal telephonic conference, Plaintiff

24   Stanislaus Food Products Company made an oral request to modify the procedure in the

25   Stipulated Protective Order (Dkt. No. 336) regarding judicial intervention in challenges to

26   confidentiality designations;

27        WHEREAS, the Court directed the parties to meet and confer regarding Plaintiff's

28   request (Dkt. No. 408); and

1          WHEREAS the parties have met and conferred and agreed to changes to the

2   Stipulated Protective Order;

3          NOW THEREFORE, IT IS HEREBY STIPULATED by the undersigned counsel

4   on behalf of the parties identified below that the following changes be made to the Stipulated

5   Protective Order (Dkt. No. 336):

6          Dkt. No. 336, Page 7, Line 21: Replace "14" with "10."

7          Dkt. No. 336, Page 8, Lines 3-15: Replace the first paragraph of
section 6.3 with, "If the Parties cannot resolve a challenge without

8   court intervention, the Challenging Party may contact the chambers
of the relevant magistrate judge to schedule a hearing that will take

9   place not less than 14 days from the date the parties hold the
required meet and confer session.  Not less than twelve days

10  preceding the hearing date, the Challenging Party shall file a brief
that states its challenge and its reasons for the challenge.  The

11  Designating Party shall respond seven days after the date the
Challenging Party's brief is filed.  Subject to the Court's

12  availability, the parties shall schedule a hearing as soon as
reasonably possible."

13

14         Dkt. No. 336, Page 8, Lines 19-22: Delete the first clause of the
sentence so that the sentence reads, "All parties shall continue to

15  afford the material in question the level of protection to which it is
entitled under the Producing Party's designation until the Court

16  rules on the challenge."

17  **IT IS SO STIPULATED.**

18

19  Dated:  August 29, 2012       LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

20        By: _____ /s/ *Marc A. Pilotin*_____

21        William Bernstein (State Bar No. 065200)
Eric B. Fastiff (State Bar No. 182260)

22        Dean M. Harvey (State Bar No. 250298)
Marc A. Pilotin (State Bar No. 266369)

23        Joseph P. Forderer (State Bar No. 278774)
275 Battery Street, 29th Floor

24        San Francisco, CA 94111-3339
Telephone: (415) 956-1000

25

26

27

28

G. Kip Edwards
P.O. Box 1979
Kings Beach, CA 96143-1979
Telephone: (530) 546-5892

*Counsel for Plaintiff Stanislaus Food Products Company*

Dated: August 29, 2012       REED SMITH LLP

By:   */s/  P. Gavin Eastgate* (as authorized on 8/29/2012)

P. Gavin Eastgate (admitted *pro hac vice*)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-5710
Facsimile: (412) 288-3063

REED SMITH LLP
Daniel I. Booker (admitted *pro hac vice*)
Alexander Y. Thomas (admitted *pro hac vice*)
1301 K St., NW
Suite 1100, East Tower
Washington, D.C. 20005
Telephone: (202) 414-9200

McCORMICK, BARSTOW, SHEPPARD,
    WAYTE & CARRUTH LLP

Marshall C. Whitney (State Bar No. 082952)
Mandy L. Jeffcoach (State Bar No. 232313)
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone: (559) 433-1300

THE LAW DEPARTMENT OF UNITED STATES STEEL
CORPORATION
J. Michael Jarboe (admitted *pro hac vice*)
600 Grant Street, Suite 1501
Pittsburgh, PA 15219
Telephone: (412) 433-2880
Facsimile: (412) 433-2811

*Counsel for Defendants U.S. Steel Corporation and Pitcal, Inc.*

1   Dated: August 29, 2012                AKIN GUMP STRAUSS HAUER & FELD LLP

2                                         By:    /s/  *Reginald D. Steer*  (as authorized on 8/28/2012)

3                                         Reginald D. Steer (State Bar No. 56324)
                                          580 California Street, Suite 1500
4                                         San Francisco, CA  94104-1036
                                          Telephone:  (415) 765-9520
5
                                          Steven M. Pesner (admitted *pro hac vice*)
6                                         Nicholas C. Adams (admitted *pro hac vice*)
                                          One Bryant Park
7                                         New York, NY  10036
                                          Telephone:  (212) 872-8075
8
                                          *Counsel for Defendants POSCO America Steel*
9                                         *Corporation and POSCO-California Corporation*

10
      Dated: August 29, 2012             STEYER, LOWENTHAL BOODROOKAS, ALVAREZ &
11                                        SMITH LLP

12                                        By:    /s/  *Lucas E. Gilmore*  (as authorized on 8/29/2012)

13                                        Allan Steyer (State Bar No. 100318)
                                          D. Scott Macrae (State Bar No. 104663)
14                                        Lucas E. Gilmore (State Bar No. 250893)
                                          One California St., Third Floor
15                                        San Francisco, CA 94111
                                          Telephone:. (415) 421-3400
16
                                          *Counsel for Defendant USS-POSCO Industries*
17

18

19          **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

20

21

22   IT IS SO ORDERED.

23
        Dated:   **August 30, 2012**              /s/ *Barbara A. McAuliffe*
24                                          _____
                                            UNITED STATES MAGISTRATE JUDGE
25

26

27

28

1054365.3                              4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(FRESNO DIVISION)

| | |
|---|---|
| STANISLAUS FOOD PRODUCTS COMPANY, a California corporation, | Case No.  1:09-CV-00560-LJO-BAM |
| Plaintiff, | **ORDER GRANTING PLAINTIFF STANISLAUS FOOD PRODUCTS COMPANY'S REQUEST TO SEAL PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| USS-POSCO INDUSTRIES, a California partnership; PITCAL, INC., a Delaware corporation; POSCO-CALIFORNIA CORPORATION, a Delaware corporation; UNITED STATES STEEL CORPORATION, a Delaware corporation; POSCO AMERICA STEEL CORPORATION, a Delaware corporation, | Judge:    Hon. Lawrence J. O'Neill |
| Defendants. | |

Plaintiff Stanislaus Food Products Company ("Stanislaus") requested an order allowing it

to file under seal (1) Stanislaus's Memorandum of Points and Authorities in Opposition to

Defendants' Joint Motion for Summary Judgment, (2) Stanislaus's Response to Defendants' Joint

Statement of Undisputed Material Facts, (3) Stanislaus's Statement of Disputed Facts, (4) the

Declaration of Eric B. Fastiff in Support of Stanislaus's Opposition, and (5) the Declaration of

1073993.1

Thomas Cortopassi in Support of Stanislaus's Opposition because these materials contain information the parties or third-parties have designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the Stipulated Protective Order (Dkt. No. 336).

This Court determines that there are compelling reasons to protect the confidentiality of the information contained in the above-referenced materials and hereby **GRANTS** Stanislaus's request and directs the Clerk of the Court to file under seal the complete, unredacted versions of the above-referenced materials. These documents shall remain under seal indefinitely, pending further order of this Court.

Within five (5) days of service of this Order, Stanislaus shall file electronically in the public record a redacted version of Stanislaus's Memorandum of Points and Authorities in Opposition to Defendants' Joint Motion for Summary Judgment. The redactions shall be narrowly tailored.

IT IS SO ORDERED.

Dated:   __January 9, 2013__                      __/s/ Lawrence J. O'Neill__
                                                      UNITED STATES DISTRICT JUDGE